UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

FRANK LOUIS WATSON,

                    Plaintiff,                              Case No. 2:12-cv-260

v.                                                          Honorable Robert Holmes Bell

J. KARPPINEN,

                    Defendant.

_____/

## **OPINION**

         This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial

partial filing fee when funds are available.  Under the Prison Litigation Reform Act, PUB. L. NO.

104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under

federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C.

§§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint

indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as

true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33

(1992).  Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated at the Baraga Maximum Correctional Facility.  In his *pro se* complaint, Plaintiff sues Corrections Officer J. Karppinen for violating his First Amendment rights, as follows:

> Starting from Feb[r]uary 6, 2012 to Feb[r]uary 13, 2012, Plaintiff's First Amendment right under the U.S. Constitution, was violated by Defendant C/O (then RUO) J. Karppinen, when she deliberately denied Plaintiff access to the Michigan Department of Correction's grievance procedure on Feb[r]uary 6, 2012, Plaintiff asked Defendant Karppinen, "to get him a grievance, so that he could write a grievance on her and C/O Brommenshenkel for denying him the opportunity to take a shower, and she said, 'I don't pass out grievances, you can get one from Brommenshenkel.'" From Feb[r]uary 8th to Feb[r]uary 11, 2012, Defendant Karppinen denied Plaintiff grievances saying: "I don't pass out grievances.  On Feb[r]uary 12, 2012, Plaintiff asked Defendant for a grievance because "C/O (then RUO) Brommenshenkel denied Plaintiff the opportunity to shower again" and she said: "I already told you, that I don't pass out grievances, get it from Brommenshenkel."  On Feb[r]uary 13, 2012, Plaintiff once again asked[] Defendant Karppinen to get him some grievances so that he can write a grievance on C/O Brommenshenkel for harassing him for [writing] grievances on him and about the cold temperature of his cell." And she said: "I told you yesterday, that I don't pass out grievances, you can get them on Friday, when first shift passes out supplies, and plus you don't need to be [writing] grievances on anybody.["]  At no time did she get Plaintiff any grievances, so Plaintiff wrote a grievance on her for denying him grievances.  (See exhibit 1 grievance identifier: AMF-12-07-0482-179[.])  But when he initially told her that "he was going to write her up for denying him grievances,["] she said in a sar[castic] manner: "on what grievances?  You don't have one remember?"

(Compl., docket #1, Page ID##3-4.)

For relief, Plaintiff requests monetary damages.

**Discussion**

I.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

- 3 -

Plaintiff alleges that Defendant Karppinen violated his First Amendment rights by denying him access to the grievance process.  Reading Plaintiff's complaint liberally, the Court also construes a due process claim against Defendant Karppinen for denying Plaintiff a grievance form. See *Haines*, 404 U.S. at 520.

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts.  *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995).  First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration.  *Id.* (*citing Bounds*, 430 U.S. at 824-28).  Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts.  *Id.* (*citing Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)).

In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation.  *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000.  The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating

> capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.  "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).  Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

Further, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. 353 & n.3).  The *Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."  *Christopher*, 536 U.S. at 416.

Plaintiff alleges that Defendant Karppinen interfered with his right of access to the courts by denying him a grievance form.  However, Plaintiff fails to allege that he was actually injured by the denial of the grievance form.  *See Lewis*, 518 U.S. at 353.  He does not allege that Karppinen's denial of a grievance form resulted in the dismissal of a civil rights complaint.  Further, even if Defendant Karppinen improperly denied Plaintiff a grievance form and thereby prevented Plaintiff from filing a grievance, Plaintiff's right of access to the courts to petition for redress of his grievance (i.e., by filing a lawsuit) cannot be compromised by his inability to file an institutional grievance.  The exhaustion requirement only mandates exhaustion of available administrative remedies.  *See* 42 U.S.C. § 1997e(a).  If Plaintiff was improperly denied access to the grievance

- 5 -

process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action.  Therefore, Plaintiff fails to state a First Amendment access-to-the-courts claim.

Moreover, Plaintiff does not have a due process right to file a prison grievance.  The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure.  *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  Michigan law does not create a liberty interest in the grievance procedure.  *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).  Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

In summary, Plaintiff fails to state a First or Fourteenth Amendment claim against Defendant Karppinen.

<u>**Conclusion**</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no

- 6 -

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: July 24, 2012                                    /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE